IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Allen Dixon, <br><br> Plaintiff, <br><br> v. <br><br> James Hudson, Diane Wilks, <br><br> Defendants. | C/A No. 6:22-cv-2628-JFA-KFM <br><br><br> **ORDER** |

Plaintiff, Jessie Allen Dixon, a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action[1] issued an order informing the plaintiff that his complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF No. 9). Plaintiff failed to respond.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 13). Within the Report, the Magistrate Judge opines the Complaint

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

is subject to dismissal for numerous reasons including failure to prosecute and failure to state a viable claim. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on September 8, 2022. *Id.* The Magistrate Judge required Plaintiff to file objections by September 22, 2022. *Id.* Plaintiff failed to file objections or otherwise address the deficiencies in his complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 13). Consequently, this action is dismissed without prejudice, without further leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 794 (4th Cir. 2022)("It is well-established that dismissals made without prejudice when leave to amend is denied are final and appealable.").

IT IS SO ORDERED.

October 6, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge